Scott E. Shaffman, S.B.# 90276
98 Del Monte Ave., Suite 200
Monterey, CA 93940
TEL: (831) 333-0321
FAX: (831)333-9012
sshaffman@aol.com

Attorney for Plaintiff,
BONG TRINH NGUYEN

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BANG TRINH NGUYEN** ) | CASE NO.: |
| ) | |
| ) | **COMPLAINT FOR DISABILITY BENEFITS UNDER ERISA** |
| **Plaintiff,** ) | |
| vs. ) | [29 U.S. CODE SEC. 1132 (a)(1)(B)] |
| ) | |
| **SUN LIFE ASSURANCE COMPANY OF CANADA** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

Plaintiff BANG TRINH NGUYEN alleges:

## JURISDICTION

1. Plaintiff BANG TRINH NGUYEN HILL is an individual residing in Santa Clara County, California.

2. Defendant SUN LIFE ASSURANCE COMPANY OF CANADA ("SUN LIFE") is a business organization doing business in the State of California as an insurer, with a principal place of business in the Provence of Ontario, Canada.

COMPLAINT                                      1

3. This action is brought under the Employee's Retirement Income Security Act of 1974, 29 U.S. Code Section 1002, et. seq. (ERISA), as it involves employer-sponsored group disability and life insurance plans.

4. This court therefore has subject matter jurisdiction under 29 U.S.C. Sec. 1332(e)(1)

**INTRADISTRICT ASSIGNMENT**

5. Plaintiff was a resident of Santa Clara County, California when the contract was entered into and when the claims were made and the insurance contract was to be performed in Santa Clara County; therefore, a substantial part of the events which gave rise to this claim occurred in Santa Clara County.

6. Accordingly, this case should be assigned to the San Jose Division of the USDC for the Northern District of California, under Civil Local Rule 3-2c).

**First Cause of Action**

**CLAIMS FOR BENEFITS UNDER ERISA**

7. On or about June 20, 2018, plaintiff was insured under a group Long Term Disability ("LTD") insurance policy issued by defendant SUN LIFE provided through her employer Anritsu Company, policy # 201984; plaintiff was also covered under a life insurance policy issued by SUN LIFE which contained a "waiver of premium" clause, which keeps her life insurance policy in force without paying premiums, so long as she is disabled under the terms of the policy.

8. At all times herein mentioned the LTD policy and life insurance policy were in full force and effect; plaintiff had paid policy premiums in full, and otherwise performed all obligations under the policy.

9. On or about June 20, 2018, plaintiff suffered a covered loss when she became disabled under the terms of the SUN LIFE LTD and life insurance policies.

10. Plaintiff made timely notice of claim, claim # 090119-05983-00.

11. After the 180 day elimination period, benefits were payable beginning December 17, 2018; SUN LIFE paid benefits for approximately 24 months, until December 16, 2020.

12. On or about September 24, SUN LIFE terminated the LTD benefit, effective December 16,

COMPLAINT                                              2

2020 and denied additional benefits; on or about October 30, 2020, defendant terminated the life waiver of premium benefit.

13. Plaintiff timely filed an administrative appeal under the terms of the SUN LIFE LTD and life insurance policy

14. On or about December 2, 2021 SUNLIFE denied the administrative appeal of the LTD and life waiver of premium claims.

15. Plaintiff has been disabled under the terms of the LTD and life policies since June 20, 2018 and continues to be so disabled as of the filing of this complaint.

16. Plaintiff has been entitled to LTD benefits of approximately $1216 per month since December 16, 2020 and it is believed she will be entitled to that monthly benefit through May 2031, with benefits due and owing through the filing of this complaint of approximately $15,000 and with past and future benefits of approximately $147,000.

WHEREFOR, Plaintiffs prays Judgment against defendant SUN LIFE as follows:

1. For long term disability policy benefits, in an amount according to proof, estimated to be $15,000 through the filing of this complaint and accumulating at the rate of $1216 per month.
2. For reinstatement of the life waiver of premium benefit.
3. For reasonable attorneys fees in obtaining policy benefits, under the provisions of ERISA.
4. For costs of suit herein.
5. For such other relief as the court deems proper.

Dated:   12/06/2021                            /S/ Scott E. Shaffman

SCOTT E. SHAFFMAN, Attorney for Plaintiff

COMPLAINT                                           3